| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>:<br>IN RE BERNARD L. MADOFF INVESTMENT :<br>SECURITIES LLC :<br>:<br>:<br>------------------------------------------------------------- :<br>:<br>THE PUBLIC INSTITUTION FOR SOCIAL :<br>SECURITY, :<br>:<br>Appellant, :<br>:<br>-against- :<br>:<br>IRVING H. PICARD, :<br>:<br>Appellee. :<br>------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/5/2023<br><br>1:22-cv-8741-GHW<br><br>MEMORANDUM OPINION &<br>ORDER |

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

In this bankruptcy case, Appellant The Public Institution for Social Security ("PIFSS")—a Kuwaiti governmental agency—seeks leave to appeal two aspects of a non-final order issued by the Bankruptcy Court in August 2022. First, PIFSS asks to appeal that court's determination that it is not entitled to sovereign immunity under the Foreign Sovereign Immunities Act (the "FSIA"). Second, it requests leave to appeal the Bankruptcy Court's judgment that Appellee Irving H. Picard ("Trustee") has provided sufficient evidence for a *prima facie* showing of the court's personal jurisdiction over PIFSS. For its part, Trustee concedes that PIFSS has an appeal right concerning the sovereign immunity issue, but contests PIFSS's entitlement to appeal the personal-jurisdiction ruling. While the Court agrees with the parties that the sovereign-immunity issue is immediately appealable under the collateral-order doctrine, because Appellant fails to show that the personal-jurisdiction ruling satisfies the stringent requirements for interlocutory appeal, leave will not be granted to appeal that issue. In sum, PIFSS's motion for leave to appeal is GRANTED IN PART.

## II.     BACKGROUND AND PROCEDURAL HISTORY[1]

This case is one of many that have arisen from Bernard Madoff's Ponzi scheme, which has been "well documented across many pages of Federal Reporters." *Picard v. Gettinger (In re BLMIS)*, 976 F.3d 184, 188 (2d Cir. 2020) (internal citation omitted).  After Mr. Madoff's scheme collapsed, Trustee was appointed to liquidate Madoff's fund (Bernard L. Madoff Investment Securities LLC, or "BLMIS").  Through that role, Trustee pursues claims to recover for investor funds paid out by BLMIS.

In January 2012, Trustee filed this case against PIFSS in the Southern District of New York Bankruptcy Court.  ECF 1 ("Compl.").  The complaint alleged that PIFSS received transfers of money from Fairfield Sentry Limited ("Fairfield Sentry").  *Id.* ¶ 2.  Those funds, the complaint alleged, were derived from Fairfield Sentry's investments with New-York-based BLMIS.  *Id.* ¶¶ 2, 6. The complaint further alleged that PIFSS "knowingly direct[ed] funds to be invested with . . . BLMIS through Fairfield Sentry."  *Id.* ¶ 6; *see also id.* ¶ 7 (alleging, "[u]pon information and belief," that "PIFSS entered into a subscription agreement with Fairfield Sentry under which it submitted to New York jurisdiction").  Trustee also submitted additional evidence later in the case "that PIFSS bank accounts in New York" sent "subscription payments to Fairfield Sentry totaling $5,000,000," that "PIFSS used correspondent accounts in New York to send subscription payments totaling $15,000,000 and receive subsequent transfers totaling $20,000,000," and that "PIFSS's offshore subsidiary, Wafra, met with representatives of the Fairfield Greenwich Group at Fairfield's offices in New York to discuss investment with Fairfield Sentry."  ECF 149 (the "Order") at 11.

In February 2022—after numerous proceedings up and down the federal court system— PIFSS filed the motion to dismiss that is the subject of this case.  ECF 116, 118.  As relevant here,

---

[1] Unless otherwise noted "ECF" references are to the docket of the underlying bankruptcy proceeding: 12-01002-cgm. "Dkt. No." references are to the docket of this case.  The reader is referred to the underlying bankruptcy order for a more comprehensive description of the case's facts.  *See generally* ECF 149.

PIFSS argued that it is immune from liability under the FSIA and that the Bankruptcy Court did not have personal jurisdiction over it. ECF 118 at 8–23. The Bankruptcy Court denied PIFSS's motion on August 17, 2022. ECF 149 (the "Order"). Judge Cecelia Morris determined—again, as relevant here—(a) that the "commercial activities" exception of the FSIA, 28 U.S.C. § 1605(a)(2), precluded PIFSS's entitlement to sovereign immunity, and (b) that Trustee had provided sufficient facts to support a *prima facie* showing of jurisdiction. *Id.* at 4–14.

On October 13, 2022, PIFSS timely noticed its intent to seek leave to appeal that decision under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8004. Dkt. No. 1. PIFSS originally sought to appeal (a) the Bankruptcy Court's sovereign-immunity ruling, (b) the Bankruptcy Court's personal-jurisdiction ruling, and (c) the Bankruptcy Court's ruling that PIFSS could not invoke a defense under Section 546(e) of the Bankruptcy Code. *See generally* Dkt. No. 4 ("Appellant's Mot."). After Judge Rakoff issued a decision in another case rejecting the same Section 546(e) argument that PIFSS made here, however, PIFSS rescinded its request for leave to appeal that issue. Dkt. No. 11 ("Reply") at 1. As a result, only the sovereign-immunity and personal-jurisdiction issues are left for this Court's consideration. In its briefing, Trustee conceded that "under the collateral order doctrine, PIFSS has an appeal as of right on FSIA grounds," and that PIFSS could therefore immediately appeal the Bankruptcy Court's sovereign-immunity determination. Dkt. No. 10 ("Appellee's Opp.") at 1. But it argued that the Bankruptcy Court's personal-jurisdiction ruling was not immediately appealable as an interlocutory order. *Id.* at 10–22.

### III. DISCUSSION

Because the Bankruptcy Court's determination that PIFSS is not entitled to sovereign immunity is—as all parties agree—immediately appealable under the collateral-order doctrine, Appellant will be granted leave to appeal that ruling. But because the Bankruptcy Court's ruling that Trustee has adequately made a *prima facie* showing that PIFSS is subject to the court's personal

jurisdiction does not meet the stringent standard for interlocutory appeal, Appellant will not be permitted to appeal that determination.

### a. The Bankruptcy Court's sovereign-immunity decision is immediately appealable.

The parties agree that Appellant should be granted leave to appeal the Bankruptcy Court's holding that the commercial-activity exception of the FSIA precludes PIFSS's entitlement to sovereign immunity. Appellant's Br. at 8–15, Appellee's Br. at 1. The Court agrees. *See Vera v. Banco Bilbao Vizcaya Angentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019) (emphasizing a court's "obligation to assure itself of its *own* jurisdiction"). The collateral-order doctrine allows immediate appeal, before the entry of final judgment, from orders that are "sufficiently final and distinct from the merits" of the litigation. *EM Ltd. v. Banco Central De La Republica Argentina*, 800 F.3d 78, 87 (2d Cir. 2015) (internal citation and quotation marks omitted). And the Second Circuit has repeatedly held that the "collateral order doctrine . . . 'allows an immediate appeal from an order denying immunity under the FSIA.'" *Petersen Energía Inversora S.A.U. v. Argentine Rep.*, 895 F.3d 194, 203 (2d Cir. 2018) (quoting *Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 153 (2d Cir. 2007)); *see also Worms v. State Corp. "Deposit Ins. Agency"*, No. 20-cv-3505, 20-cv-3510, 2021 WL 706550, at *2 (S.D.N.Y. Feb. 22, 2021) (Nathan, J.) (the collateral-order doctrine applies to appeals from bankruptcy courts to district courts). Here, the Bankruptcy Court's order denied immunity under the FSIA. Order at 4–8. As a result, that aspect of the order is immediately appealable under the collateral-order doctrine.

### b. The Bankruptcy Court's personal-jurisdiction decision is not immediately appealable.

Because the Bankruptcy Court's determination that Trustee had made an adequate, *prima facie* showing that PIFSS is subject to personal jurisdiction in this Court does not meet the high bar for interlocutory appeals, Appellant will be denied leave to appeal that determination.

As an initial matter, there is no pendent jurisdiction over this issue. Appellant waived this

argument by failing to raise it through briefing. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (arguments not made in opening briefs are waived); *Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005) (an argument is "abandoned" where a party "fail[s] to discuss the claim anywhere in [its] brief"). And because Appellant chose not to make this argument, it has failed to explain how the personal-jurisdiction argument is "'inextricably intertwined' with a question that is the proper subject of an immediate appeal" or is "'necessary to ensure meaningful review' of an immediately appealable issue" such that it could be appealable as appended to the FSIA issue. *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 81 (2d Cir. 2013) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995)). So for the personal-jurisdiction issue to be immediately appealable, it must independently meet the requirements for interlocutory appeal.

It does not. As the Bankruptcy Court's denial of PIFSS's motion to dismiss was not a final order, it is not immediately appealable absent leave of court. *See* 28 U.S.C. § 158(a)(1) (granting district courts jurisdiction over appeals "from final judgments, orders, and decrees" of bankruptcy courts); *id.* § 158(a)(3) (granting district courts jurisdiction, "with leave of court," to hear appeals "from other interlocutory orders and decrees" of bankruptcy courts); *see also Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 501 (2d Cir. 2004) ("A denial of a motion to dismiss is not a final order."). And because 28 U.S.C. § 158(a)(3) does not specify any criteria for granting leave to appeal, courts consistently apply the standards set forth in 28 U.S.C. § 1292(b) for interlocutory appeals to the United States Court of Appeals. *See, e.g., In re Lehman Bros. Holdings Inc.*, No. 18-cv-8986, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019). The three-part test codified in 28 U.S.C. § 1292(b) provides that leave to appeal should be granted only if (1) the appeal "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.

§ 1292(b).

To satisfy the first criterion of Section 1292(b), the movant must demonstrate that the question is both controlling and a question of law. *In re Lehman Bros. Holdings Inc.,* 2019 WL 2023723, at *3. The question must be "a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Id.* (internal quotation omitted). The second criterion under 28 U.S.C. § 1292(b) requires that there be a "substantial ground for a difference of opinion," which "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." *Id.* (citing *In re Worldcom, Inc.*, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). "Genuine doubt exists where '(1) there is conflicting authority on the issue or (2) the issue is particularly difficult and of first impression.'" *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) (quoting *Enron Corp. v. Springfield Assocs., LLC (In re Enron Corp.),* No. 01-16034, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006)). Third, the movant must show that the appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Courts in this district have described the three criteria of 1292(b) as creating "a significant hurdle" for those seeking leave to appeal an interlocutory order. *In re Barnett*, No. 16-cv-436, 2016 WL 3944482, at *1 (S.D.N.Y. July 18, 2016). A movant has the burden of showing that all three criteria are met. *See In re Poseidon Pool & Spa Recreational, Inc.*, 443 B.R. 271, 275 (E.D.N.Y. 2010).

Moreover, even if the three criteria are met, the court retains the discretion to determine whether leave to appeal is warranted. *See Gibson v. Kassover,* 343 F.3d 91, 94 (2d Cir. 2003). Leave to appeal an interlocutory order should be granted "only in exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Estate of Madoff*, 464 B.R. at 582–83 (citing *In re Bernard L. Madoff Investment Sec. LLC (In re Madoff),* No. 11-mc-0012, 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011) (internal punctuation marks omitted)). "'Inherent in the requirements of

6

section 1292(b) is that the issue' in the certified order 'be ripe for judicial determination,' because the 'purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which (evaporate) in the light of full factual development.'" *Benoit v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 491, 508 (2d. Cir. 2020) (quoting *The Oneida Indian Nation of New York State v. The County of Oneida*, 622 F.2d 624, 628 (2d Cir. 1980)). So district courts must "exercise great care in" choosing to grant a party leave to file an interlocutory appeal. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (citing *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

Appellant has failed to show that any of Section 1292(b)'s three criteria are met, let alone all three. Even if it had made that showing, moreover, it has not shown that the personal-jurisdiction issue is ripe for judicial review, and thus has not shown that this appeal presents an exceptional circumstance justifying deviation from the baseline aversion to piecemeal appeals. As a result, the Court will deny PIFSS's request to appeal the Bankruptcy Court's personal-jurisdiction ruling.

### i. The Bankruptcy Court's decision was not a pure question of law.

The question presented by Appellant here—"[w]hether the Bankruptcy Court erred in holding that PIFSS is subject to personal jurisdiction in the United States," Appellant's Br. at 4— misstates the actual question answered by the Bankruptcy Court and would not be a pure question of law in any event. As the Bankruptcy Court recognized, to survive a motion to dismiss for lack of personal jurisdiction, the Trustee was only required to "make a prima facie showing that jurisdiction exists." Order at 8 (quoting *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018)). And to satisfy that requirement, the plaintiff need only plead "good faith, legally sufficient allegations of jurisdiction"; no further proof of jurisdictional facts is required. *Id.* at 9 (quoting *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013)). So the actual question presented is whether the Bankruptcy Court's determination that Trustee had met its burden of establishing a

*prima facie* case of the court's jurisdiction over PIFSS was accurate.

In any event, and however the Bankruptcy Court's decision is characterized, it is not a "pure question of law" appealable under Section 1292(b)'s standards. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015). A "pure question of law" is one "that the reviewing court could decide quickly and cleanly without having to study the record." *In re Lehman Bros. Holdings Inc.*, 2019 WL 2023723, at *3. Determining personal jurisdiction, however, is typically "a fact-sensitive inquiry dependent on the particulars of the case before the court." *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 240 (S.D.N.Y. 2010). As a result, courts routinely deny interlocutory appeal of orders denying motions to dismiss based on lack of personal jurisdiction. *See, e.g., In re Bernard L. Madoff Inv. Sec. LLC*, No. 22-cv-6561, 2023 WL 395225, at *2–3 (S.D.N.Y. Jan 25, 2023) ("[W]hether the Trustee's well-pled allegations are sufficient to subject [the appellant] to personal jurisdiction [is a] 'dispute[ ] concerning the application of law to the specific facts of a case typically . . . not appropriate for an interlocutory appeal.'" (quoting *Goldfarb v. Channel One Russia*, No. 18-cv-8128, 2021 WL 1392850, at *10 (S.D.N.Y. Apr. 13, 2021))); *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996) ("[S]ince the exercise of personal jurisdiction over a foreign parent corporation through a resident subsidiary is a question of law which turns on a thorough examination of the facts defining the relationship between the two corporations, we are reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance."); *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 400 (S.D.N.Y. 2018) ("[W]hether the pleadings, affidavits, and supporting materials support a finding of jurisdiction is 'not a question of law at all.'" (quoting *Hecklerco, LLC v. YuuZoo Corp.*, 258 F. Supp. 3d 350, 357 (S.D.N.Y. 2017))).

And this case is particularly ill-suited for interlocutory appeal. Appellant argues that the question of "[w]hether PIFSS's alleged knowledge that its investment with [Fairfield] Sentry—a [British Virgin Islands] fund—would eventually be transferred to New York-based BLMIS is

8

sufficient to establish jurisdiction is a pure question of law." Reply at 2–3. But this mischaracterizes both the evidence presented by Trustee and the Bankruptcy Court's decision in a manner that exposes why immediate appeal is not warranted here.

Specifically, the Bankruptcy Court did not rely solely on Trustee's complaint for allegations relevant to the personal-jurisdiction question. While it stated that it believed that the complaint would, by itself, support a *prima facie* finding of jurisdiction, its decision relied not only on the complaint but on "additional evidence" submitted by the Trustee "in response to the motion to dismiss." Order at 11–12. That additional evidence included averred facts "that PIFSS bank accounts in New York" sent "subscription payments to Fairfield Sentry totaling $5,000,000," that "PIFSS used correspondent accounts in New York to send subscription payments totaling $15,000,000 and receive subsequent transfers totaling $20,000,000," and that "PIFSS's offshore subsidiary, Wafra, met with representatives of the Fairfield Greenwich Group at Fairfield's offices in New York to discuss investment with Fairfield Sentry." *Id.* at 11. And it was that evidence, in combination with Trustee's complaint, that supported a *prima facie* case of jurisdiction over PIFSS. *See id.* at 28 (declining to strike the additional evidence provided by Trustee).[2]

Because the Bankruptcy Court considered this additional evidence, the jurisdictional determination that it reached is not one that this court could decide "quickly and cleanly without having to study the record." *In re Lehman Bros. Holdings Inc.,* 2019 WL 2023723, at *3. Instead, to answer the question of whether the Bankruptcy Court's jurisdictional holding was proper, this court would have to sort through not only Trustee's complaint but also the other evidence submitted by

---

[2] The Court notes that PIFSS also mischaracterizes the allegations in Trustee's complaint. Those allegations were not merely that PIFSS had "knowledge" that its investment with Fairfield Sentry would "eventually be transferred" to BLMIS, but rather that PIFSS "knowingly *direct[ed]* funds to be invested with [BLMIS]." Compl. ¶ 6. The complaint also stated, on information and belief, that PIFSS "entered into a subscription agreement . . . under which it submitted to New York jurisdiction." *Id.* ¶ 7. In any event, the submission of additional evidence to the Bankruptcy Court makes the jurisdictional question here particularly unsuited to interlocutory appeal.

9

Trustee that supported the Bankruptcy Court's jurisdictional ruling. The jurisdictional question thus does not present a "pure question of law" that is the proper subject of interlocutory appeal. *Id.*[3]

Perhaps recognizing this problem, PIFSS subtly pivots in its Reply brief: it characterizes "[t]he issue on appeal" not as whether it was properly subject to jurisdiction, but as "whether the Bankruptcy Court applied the correct legal standard for personal jurisdiction." Reply at 2. Setting aside the fact that this differs from the "question presented" in PIFSS's opening brief, *see* Appellant's Br. at 4, this purported issue—like the actual question presented—mischaracterizes the Bankruptcy Court's ruling. PIFSS argues that the Bankruptcy Court committed legal error by relying exclusively on a district-court case—*Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, 480 B.R. 501 (S.D.N.Y. 2012) ("*BLI*")—that has now been abrogated by Supreme Court precedent. Appellant's Br. at 18–19. But that is not what the Bankruptcy Court did; rather, it cited *BLI* in tandem with binding precedent to reach its decision. *See* Order at 9–12 (articulating the personal-jurisdiction standard from *U.S. Bank National Association v. Bank of America N.A.*, 916 F.3d 143, 150 (2d Cir. 2019), citing to other Second Circuit cases, and then citing to *BLI* in reaching its conclusion on personal jurisdiction). So to the extent that PIFSS seeks this Court's review of whether a court's

---

[3] For this reason and others, the Second Circuit cases cited by Appellant where interlocutory appeal over personal-jurisdiction issues was granted are distinguishable. *See* Reply at 3 (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990); *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir. 1972), *abrogated on other grounds by Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010); *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999); *Green v. McCall*, 710 F.2d 29 (2d Cir. 1983)). First, *Klinghoffer* involved an attempt to appeal a denial of a motion to dismiss based on lack of personal jurisdiction, sovereign immunity, whether the case presented a non-justiciable political question, and insufficient service of process. 921 F.2d at 23. In granting the appeal, the Second Circuit focused on why the appeal could be granted notwithstanding the fact that doing so may not "have precedential value for a number of pending cases." *Id.* at 23–25. And while it not specifically address which issue (or combination of issues) satisfied Section 1292(b)'s requirements, it suggested that it was the combination of issues that were "difficult and of first impression," thereby justifying appeal, *id.* at 25; Appellant makes no analogous argument here. Second, as Judge Schofield recognized in considering a similar argument in a related case, "the Second Circuit took up [*Leasco*] on interlocutory appeal in order to consolidate it with a related case already on appeal from a final order," which is not the situation presented here. *See In re Bernard L. Madoff Inv. Sec. LLC*, No. 22-cv-6561, 2023 WL 395225, at *3 (S.D.N.Y. Jan 25, 2023) (quoting *Leasco*, 468 F.2d at 1330). Third, *Kernan* involved resolving a highly disputed question, on which lower courts had disagreed, about the application to New York's long-arm jurisdictional statute. 175 F.3d at 241–42. And finally, *Green* involved a purely legal question about whether Connecticut's long-arm statute conferred jurisdiction over government officials in their individual rather than official capacities. 710 F.3d at 30. In short, because none of Appellant's cited cases presented a fact-bound question analogous to the one that PIFSS seeks to appeal, they do not persuade the Court that appeal is warranted here.

exclusive reliance on *BLI* constitutes legal error, this case does not present that as the dispositive question. And for the reasons already provided, the actual issue here concerning whether Trustee had adequately established a *prima facie* jurisdictional case is not a purely legal question.

### ii. There is not substantial ground for difference of opinion as to the actual issue presented.

Even were the question presented a pure question of law (which it is not), Appellant has also not demonstrated that there are substantial grounds for a difference of opinion as to the issue. *See* 28 U.S.C. § 1292(b). Substantial grounds for a difference of opinion exist where "(1) there is conflicting authority on the issue or (2) the issue is particularly difficult and of first impression." *Estate of Madoff*, 464 B.R. at 582 (quoting *In re Enron Corp.*, 2006 WL 2548592, at *4).

PIFSS has pointed to no cases that either conflict with the Bankruptcy Court's determination that the Trustee's evidence supported *prima facie* jurisdiction over PIFSS or that suggest that the Bankruptcy Court's finding was "particularly difficult and of first impression." *Id.* Instead, PIFSS changes focus by arguing that "[s]ubstantial ground for difference of opinion exists as to whether a single allegation that a foreign defendant 'knowingly directed funds to be invested with' a U.S. entity through a third-party foreign entity . . . suffices to confer personal jurisdiction." Appellant's Br. at 17 (internal citation omitted); *see also id.* at 17–19 (arguing that "the Bankruptcy Court erred in holding that PIFSS' contacts with a foreign third party are jurisdictional contacts" and in holding "that personal jurisdiction can be based on a defendant's alleged knowledge that an investment made with a foreign fund would end up with a New York-based entity").[4] But this disagreement about

---

[4] Again, the Court pauses to note that these descriptions appear to misrepresent these aspects of the Bankruptcy Court's ruling. For instance, that court did not hold that personal jurisdiction could be based on knowledge that an investment made with a foreign fund would 'end up with' a New York entity; rather, the Court looked in part to Trustee's pleading that PIFSS *directed* funds to be invested with BLMIS. *See* Compl. ¶ 6; *see also In re Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 395225, at *4 (noting that allegations that the "Defendant intentionally invested in BLMIS" represented allegations concerning "Defendant's *own* intentional contacts with New York," where are distinct from "the conduct of third parties"). But in any event, as described above, these aspects of the Bankruptcy Court's ruling were only parts of its overall determination that Trustee had provided sufficient evidence to support a *prima facie* case of jurisdiction, which is the question presented here.

11

aspects of the Bankruptcy Court's determination does not accurately reflect the question presented to the Court——"[w]hether the Bankruptcy Court erred in holding that PIFSS is subject to personal jurisdiction in the United States," *id.* at 4—or the actual question presented here (whether the Bankruptcy Court erred in finding that Trustee's evidence was sufficient to sustain a *prima facie* jurisdictional case).

On the actual question presented, PIFSS's arguments simply reflect represent disagreement with the Bankruptcy Court's application of settled law to the facts of the case. *See* Order at 10 (quoting binding Second Circuit law for the personal-jurisdiction standard, which PIFSS takes no issue with). But that amounts to an argument that "the court was incorrect in its holding," which "is not enough" to show a substantial ground for difference of opinion. *Chenault v. General Motors LLC*, No. 16-cv-3764, 2017 WL 698387, at *2 (S.D.N.Y. Feb. 21, 2017) (quoting *In re Anderson*, 550 B.R. 228, 238 (2016)); *see also, e.g.*, *In re Enron Corp.*, No. 01-16034, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007) (holding that even "strong disagreement among the parties" about the correctness of an underlying order is "not sufficient" to create an appeal right (internal citation omitted)). Prior decisions about jurisdiction in cases with the most analogous facts to this one, moreover, have found jurisdiction satisfied. *See In re Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 395225, at *4–5; *BLI*, 480 B.R. at 515–17. Without any precedential decision assessing similar facts that conflicts with the Bankruptcy Court's order, or any evidence that the personal-jurisdiction determination represented a particularly difficult question of first impression, PIFSS cannot show that it has met this prong of the interlocutory appeal standard.

### iii. Immediate appeal is not likely to materially advance termination of litigation.

"'The third prong of the interlocutory appeal analysis, whether an appeal would 'materially advance the ultimate termination of the litigation,' 'in practice is closely connected to the first prong.'" *In re Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 395225, at *6 (quoting *Fairfield Sentry Ltd. v.*

*HSBC Sec. Servs. (Luxembourg) S.A.*, No. 21-cv-10316, No. 21-cv-10334, 2022 WL 3910679, at *5, *7 (S.D.N.Y. Aug. 31, 2022)). "This prong 'is met when an immediate appeal promises to advance the time for trial or to shorten the time required for trial.'" *Id.* (quoting *Fairfield Sentry*, 2022 WL 3910679, at *7).

The Court does not find that immediate appeal is likely to shorten the litigation. As previously discussed, in order to assess whether the Bankruptcy Court's *prima facie* jurisdictional finding was correct, the Court would have to sift through not only Trustee's complaint, but also the other evidence submitted by Trustee connected to the motion to dismiss. *See supra* Part III(B)(i). Just as that reality makes the issue here not purely legal, so too does it militate against any "promise[ ]" that permitting appeal now would "advance the time for trial." *In re Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 395225, at *6. To the contrary, the Court expects that evaluating this difficult, fact-bound question now would likely delay, rather than expedite, the proceedings in this case. So PIFSS has not met its burden to show that the third prong for interlocutory appeal is satisfied here.

### iv. The issue is not ripe for appeal.

PIFSS has failed to meet its burden to show that any—let alone all—of the requirements for interlocutory appeal of the Bankruptcy Court's personal-jurisdiction determination are met, and appeal must be denied for that reason. *See* 28 U.S.C. § 1292(b) (laying out the three criteria that must be met for appeal); *In re Poseidon Pool*, 443 B.R. at 275 (the movant has the burden of showing all criteria are met). But even if that were not the case, the Court would exercise its discretion to decline appeal. *See Gibson,* 343 F.3d at 94 (a court may exercise discretion to deny an interlocutory appeal even if the three Section 1292(b) criteria are met).

That is because the underlying issue that PIFSS raises through its motion—whether the Bankruptcy Court has personal jurisdiction over it—has not been definitively established at this

13

point in the litigation. "'Inherent in the requirements of section 1292(b) is that the issue' in the certified order 'be ripe for judicial determination,' because the 'purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which (evaporate) in the light of full factual development.'" *Benoit*, 959 F.3d at 508 (quoting *The Oneida Indian Nation of New York State*, 622 F.2d at 628). As previously discussed, the Bankruptcy Court's order assessed Trustee's *prima facie* showing of jurisdiction. *See* Order at 9. Jurisdictional (and other) discovery is yet to come. If the case proceeds to that stage, it may be that the facts that emerge will not support the Bankruptcy Court's jurisdiction over PIFSS, and PIFSS can move to dismiss for lack of jurisdiction at that time. But if discovery shows that jurisdiction is proper, PIFSS' current motion would amount to a "hypothes[i]s" that evaporated "in the light of full factual development." *Benoit*, 959 F.3d at 508. In other words, because further proceedings in the Bankruptcy Court could materially alter the jurisdictional inquiry, this case does not present "exceptional circumstances that overcome the general aversion to piecemeal litigation," *Estate of Madoff*, 464 B.R. at 582–83; to the contrary, the concern that underlies that general aversion—repeated appeals before final judgment—counsels against immediate appeal of the personal-jurisdiction issue.

## IV.     CONCLUSION

For the reasons stated above, PIFSS's motion for leave to appeal the Bankruptcy Court's August 17, 2022 order is GRANTED IN PART. PIFSS is granted leave to appeal the Bankruptcy Court's denial of its motion to dismiss based on the FSIA, but is denied leave to appeal the Bankruptcy Court's denial of its motion to dismiss based on alleged lack of personal jurisdiction.

The Court recognizes that PIFSS originally sought leave to appeal three issues, but that—after Judge Rakoff's decision in a similar case and the issuance of this order—only one appealable issue remains. *See* Appellant's Br. at 4–5; Reply at 1. If PIFSS nonetheless wishes to proceed with its appeal at this time, the Court sets the following briefing schedule for appeal of the sovereign

immunity issue: Appellant's appeal must be filed and served no later than three weeks from the date of this order. Appellee's opposition must be filed and served no later than two weeks from the date of service of Appellant's appeal; Appellant's reply, if any, must be filed and served no later than one week from the date of Appellee's opposition.

SO ORDERED.

Dated: May 5, 2023
New York, New York

GREGORY H. WOODS
United States District Judge